ON MOTION TO DISMISS APPEAL
PER CURIAM.
W. P. Bridges, Jr. and Maurice Joseph were indebted to R. M. Day and A. L. Hendrick in a sum they alleged to be $10,311.46. A. L. Hendrick died, leaving his wife and son as beneficiaries under his will. His son was appointed and qualified as executor under the will. A dispute arose as to a claim made by Nat S. Rogers to the funds, whereupon, the debtors filed an interpleader petition in the Chancery Court of the First Judicial District of Hinds County, Mississippi, in which they named Harold Hendrick, the executor, Mrs. Carolyn Hendrick, and Nat S. Rogers as defendants, claiming the funds held by the petitioners as stakeholders. They asked the court to accept the funds in the hands of the stakeholders and that they be discharged from their obligation.
The Hendricks filed an answer denying that the amount tendered was the full amount due, and demurred to the inter-pleader. They also denied that Nat S. Rogers had any claim to the debt due by the petitioners. The demurrer was overruled. The petitioners admitted that the original amount tendered was not correct nor sufficient to pay the indebtedness due, and therefore requested the court tO' permit them to file an additional sum of $615.53 into the register of the court. The Chancellor entered an order permitting the filing of this additional sum.
The Chancellor allowed an attorney’s fee for the services of petitioners’ attorney, but no hearing was had as to the claim of the defendants that the sum tendered was not sufficient to pay the debt. The petitioners have not been discharged and no final decree has been entered releasing the petitioners from the obligation alleged to be due to the claimants.
*545 Harold Hendrick and Mrs. Carolyn Hen-drick have appealed from the order of the Chancery Court allowing the attorney’s fee to the petitioners’ attorney.
Since there is no order of the Chancery Court allowing an interlocutory appeal (§ 1148, Miss.Code Ann.1942 (1956)) this Court has no jurisdiction to entertain an appeal until a final decree has been entered with reference to the release or discharge of the intervening petitioner. See § 1147, Miss.Code 1942 Ann. (1956).
The motion to dismiss the appeal in this case is therefore sustained as having been prematurely brought, and the appeal is dismissed at the cost of the appellant, without prejudice to appellants to contest attorney’s fees after final decree.
Motion to dismiss sustained.
All Justices concur.